**Adnan Hamid KHAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76469.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 8, 2008.

Lea Greenberger, Attorney at Law, Encino, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, William C. Peachey, Jonathan F. Potter, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, W. FLETCHER, and CLIFTON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Adnan Hamid Khan, a native of Germany and citizen of Afghanistan, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his motion to reconsider the IJ's prior denial of his motion to reopen removal proceedings conducted *in absentia.* We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reconsider for abuse of discretion, *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), and we grant the petition for review and remand.

The IJ abused his discretion in denying reconsideration where Khan identified legal error in the IJ's order denying reopening. Contrary to the IJ's conclusion, Khan's motion to reopen was governed by *Singh v. INS,* 295 F.3d 1037, 1039–40 (9th Cir.2002) (exceptional circumstances existed when petitioner failed to appear for a hearing, but had appeared at all prior hearings and was eligible for adjustment of status). "[T]he INS should not deny reopening of an *in absentia* deportation order where the denial leads to the unconscionable result of deporting an individual eligible for relief from deportation." *Id.* at 1040.

We grant the petition for review and remand to the BIA for consideration of the merits of Khan's application for adjustment of status.

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.